Petition of **SHEFFIELD TANKERS COR-PORATION,** a *corporation,* **Owner of the Tanker THE TROJAN for Exoneration from, or Limitation of, Liability.**

**No. 27543.**

United States District Court
D. California, S. D.
Oct. 28, 1958.

Robert H. Schnacke, U. S. Atty., San Francisco, Cal., Keith R. Ferguson, Special Asst. to the Atty. Gen., Graydon S. Staring, Advocate Atty., Dept. of Justice, San Francisco, Cal., for claimant the United States.

McCutchen, Doyle, Brown & Enersen, San Francisco, Cal. (Crowell, Rouse & Varian, New York City, of counsel),

Russell A. Mackey, San Francisco, Cal., Advocate, for claimant Todd Shipyards Corp.

Lillick, Geary, Wheat, Adams & Charles, San Francisco, Cal. (Nelson, Healy, Baillie & Burke, New York City, of counsel), Mark Scott Hamilton, San Francisco, Cal., Advocate, for petitioner Sheffield Tankers Corp.

WOLLENBERG, District Judge.

Upon due consideration of the briefs and counsels' arguments, this Court concludes that neither Admiralty Rule 56, 28 U.S.C.A., nor Local Admiralty Rule 10(c), West's Ann.Cal.Code, is a bar to this petition. Todd Shipyards Corporation in resisting the motion of the United States has made the following two contentions: First, that Rule 56 requires the Government's cross claim seek relief for claims arising in *this* proceeding. Assuming, without conceding, Todd is correct, the Government's alleged right to relief *does* arise in this proceeding: See Todd's pending Motion to Implead the Government filed in Admiralty No. 27506, now consolidated with the present limitations proceeding. Second, the claims of the Government.do not arise out of the same subject matter involved herein. Even though the right to obtain relief against Todd may ultimately depend on the 1955 contract, the Government's claim does arise out of the subject matter herein—the accident for which Sheffield seeks limitation.

British Transport Comm. v. United States, 1956, 354 U.S. 129, 77 S.Ct. 1103, 1 L.Ed.2d 1234, is dispositive of the present motion. At page 142 of 354 U.S., at page 1110 of 77 S.Ct., the Court declares "fairness in litigation requires that those who seek affirmative recovery in a court should be subject therein to like exposure for damage resulting from their acts connected with the identical incident."

Therefore, in accordance with the above opinion, the Court orders, and hereby directs that the United States' Motion for Leave to File Impleading Petition be, and the same is hereby, Granted.